IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **ARTHUR LEE CHANDLER,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:09-cr-20518-STA-2 |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING DEFENDANT'S MOTION REQUESTING COUNSEL AND SENTENCING REDUCTION**

Before the Court is Defendant Arthur Lee Chandler's Motion Requesting Counsel and Sentencing Reduction (ECF No. 144) filed pro se on October 13, 2021. Defendant seeks counsel to pursue an opportunity for resentencing under *Johnson v. United States*, 576 U.S. 591 (2015). On October 28, 2021, the U.S. Probation and Pretrial Services Office of the Western District of Tennessee submitted a Memorandum to the Court indicating that Defendant is not entitled to any relief under *Johnson*. For the reasons set forth below, Defendant's Motion is **DENIED**.

BACKGROUND

On December 16, 2009, Defendant was indicted for Carjacking, Aiding and Abetting, in violation of 18 U.S.C. § 2119 and 2 (count one); Carry and Use of a Firearm During and in Relation to a Crime of Violence, Carjacking, Aiding and Abetting, in violation 18 U.S.C. §§ 924(c) and 2 (count 2); Robbery Affecting Commerce, Aiding and Abetting, in violation of 18 U.S.C. §§ 1951 and 2 (count three); and Carry and Use of a Firearm During and in Relation to a Crime of Violence, Robbery, Aiding and Abetting, in violation of 18 U.S.C. §§ 924(c) and 2 (count four). (ECF No. 1). Defendant waived his right to a jury trial and proceeded to a bench trial before United States

District Judge Bernice B. Donald.  (ECF No. 86).  Defendant was found guilty on all counts on January 12, 2011.  (ECF No. 92).  On April 21, 2011, Defendant was sentenced to 552 months custody (168 months as to counts one and three, concurrent; 84 as to count two, consecutive to counts one, three, and four; and 300 months as to count four, consecutive to counts one, two, and three), to be followed by a three-year term of supervised release.  (ECF No. 105).

## ANALYSIS

The Armed Career Criminal Act increases the penalty for unlawful possession of a firearm where the offender has "three or more earlier convictions for a 'serious drug offense' or a 'violent felony'" and sets a minimum term of imprisonment of 15 years and a maximum of life.  *Johnson*, 576 U.S. at 593 (citing 18 U.S.C. § 924(e)(1)).  The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B).  The phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another" has come to be known as the ACCA's residual clause.  *See, e.g.*, *Johnson*, 576 U.S. at 594.

In *Johnson v. United States*, the Supreme Court held that the residual clause was unconstitutionally void for vagueness.  *Id.* at 606.  *Johnson* left the ACCA's use-of-force clause and enumerated offenses clause undisturbed.  *See generally id.*  In *Welch v. United States*, the Supreme Court subsequently held that, as applied to ACCA cases, *Johnson* is a new substantive rule of constitutional law that has been made retroactive to cases on collateral review, and

therefore, defendants can challenge their sentences enhanced under the ACCA's residual clause. 136 S. Ct. 1257, 1265 (2016).

In Defendant's case, however, Defendant was not determined to be an armed career criminal pursuant to the ACCA. Instead, Defendant was determined to be a career offender pursuant to USSG §4B1.1 based upon convictions for Aggravated Robbery (Shelby County Criminal Court No. 03-05149) and Intentionally Evading Arrest in a Motor Vehicle (Shelby County Criminal Court No. 08-03336). Because *Johnson* only concerned the ACCA and did not affect defendants challenging their sentences enhanced under the United States Sentencing Guidelines, Defendant is not entitled to relief.

Because Defendant has failed to show that the *Johnson* decision is applicable to the facts of his case, his Motion must be **DENIED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: November 22, 2021.